**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MS, through his next friend and parent,
Florinda Harris,

       Plaintiff,

v.                                 No. 2:13-cv-00628-RB-LAM

EASTERN NEW MEXICO MENTAL RETARDATION
SERVICES, d/b/a EASTERN NEW MEXICO
REHABILITATIVE SERVICES FOR THE HANDICAPPED,
INC., a/k/a "ENMRSH", et al.,

       Defendants.

## ENMRSH DEFENDANTS' MOTION TO DISMISS (RELATED TO PLAINTIFF'S CLAIMS AGAINST DEFENDANTS HOUFEK AND SPENCER) AND MEMORANDUM OF LAW IN SUPPORT

COME NOW Defendants Eastern New Mexico Mental Retardation Services d/b/a Eastern New Mexico Rehabilitative Services for the Handicapped, Inc. a/k/a "ENMRSH," Damian Houfek, Robert B. Spencer, Tisha Lovelady and Chris Sena (collectively referred to as the "ENMRSH Defendants"), by and through their counsel, Yenson, Allen & Wosick, P.C., and pursuant to Fed.R.Civ.P. 12(B)(6), move to dismiss all of Plaintiff's claims against Defendants Damian Houfek and Robert B. Spencer. As will be demonstrated below, Plaintiff's Third Amended Complaint [doc. 81] contains insufficient factual allegations to establish a plausible claim against Defendants Houfek and Spencer under Fed.R.Civ.P. 8, *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

### I.   BACKGROUND

Plaintiff is a developmentally disabled adult who seeks damages in this case for, among other things, numerous alleged acts of abuse and neglect by the ENMRSH Defendants from 2006

to 2010. (*See, generally*, Third Amended Complaint [doc. 81]). Plaintiff brings claims against the ENMRSH Defendants under various federal and state statutes, including 42 U.S.C. § 1983, as well as New Mexico common law. (*Id.*). ENMRSH provides certain services to disabled individuals in and around Clovis, New Mexico, and provided certain services to Plaintiff from 2006 to 2010. (*Id.*, at ¶ 6). Defendants Houfek and Spencer allegedly served as ENMRSH's president/CEO during times relevant. (*Id.*, at ¶¶ 16-18). According to the Third Amended Complaint, Defendants Houfek and Spencer "exercised authority over ENMRSH employees who abused, exploited, or neglected Plaintiff." (*Id.*). Nowhere in the Third Amended Complaint does Plaintiff identify any specific act or omission allegedly committed by Defendants Houfek or Spencer.

## II. ARGUMENT

The Court may dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994). Under Fed.R.Civ.P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8's pleading standard does not require detailed factual allegations, it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 127 S.Ct. at 1965 (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949

(citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss." *Id.* at 1950. In *Iqbal*, the Supreme Court dismissed claims against the United States Attorney General and FBI Director because plaintiff's complaint failed to include sufficient allegations to demonstrate their personal involvement in the alleged violation of plaintiff's rights.

The Tenth Circuit recently reiterated the *Iqbal* and *Twombly* standard, while emphasizing that in cases involving multiple defendants, it is insufficient for plaintiff's complaint to allege that the "defendants" collectively violated his rights. *Pahls v. Thomas*, 718 F.3d 1210 (10th Cir. 2013). As the *Pahls* court stated:

> Because § 1983 and *Bivens* are vehicles for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights. Rather, it is incumbent upon a plaintiff to "identify specific actions taken by particular defendants" in order to make out a viable § 1983 or *Bivens* claim …. The same particularized approach applies with full force when a plaintiff proceeds under a theory of supervisory liability.

718 F.3d at 1225-26 (internal citations and quotation omitted).

In the present case, the Court must dismiss all of Plaintiff's claims against Defendants Houfek and Spencer because Plaintiff's Third Amended Complaint fails to allege the requisite personal involvement of these Defendants in the supposed violation of Plaintiff's rights under federal or state law. Indeed, despite its length (47 pages) the Third Amended Complaint fails to

identify **any specific act or omission** by Defendants Houfek and Spencer. While the Third Amended Complaint alleges in conclusory fashion that Defendants Houfek and Spencer "exercised authority over ENMRSH employees who abused, exploited, or neglected Plaintiff," and while it contains vague allegations about the collective Defendants' supervisory liability under Section 1983, it contains no specific factual allegations to establish the liability of Defendants Houfek or Spencer under federal or state law. (Third Amended Complaint [doc. 81]), at ¶¶ 16-18; 134-43). The Third Amended Complaint, like the complaint in *Iqbal*, fails to state a claim against Defendants Houfek and Spencer because it merely contains "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," "labels and conclusions," and "a formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949-50; *Pahls*, 718 F.3d at 1225-26.

It is, moreover, clear that *Iqbal/Twombly* analysis applies with equal force to Plaintiff's state law claims.[1] *See, e.g., Faulkner v. ADT Servs.*, 706 F.3d 1017 (9th Cir.2013)(quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009))("It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal"); *Wilkey v. Hull*, 366 Fed. Appx. 634, 637 (6th Cir.2010)(Applying *Iqbal/Twombly* pleading standard to determine whether the plaintiff alleged sufficient facts to support state law claims); *Minger v. Green*, 239 F.3d 793, 799–801 (6th Cir.2001)(Applying federal pleading rules in a case based upon diversity jurisdiction); *Estate of Gonzales v. AAA Life Ins. Co.*, 2012 WL 1132332, at * 18-19 (D. N.M. 2012)(Applying *Iqbal/Twombly* standard to plaintiff's state law

---

[1] While the Third Amended Complaint contains federal claims in addition to the Section 1983 claims, it concedes those claims are not brought against the individual Defendants. (Third Amended Complaint [doc. 81], at ¶¶ 161, 168). Thus, only Plaintiff's remaining state law claims against Defendants Houfek and Spencer are further addressed in this Motion.

claims); *Alexander v. He & M, Inc.*, 2011 WL 255285, at * 2 (E.D. Okl. 2011)(same). Because it fails to allege any specific act or omission by Defendants Houfek and Spencer that would subject them to individual liability under New Mexico law, Plaintiff's Third Amended Complaint no more contains plausible claims against Defendants Houfek and Spencer under state law than it does under Section 1983.[2]

WHEREFORE, the ENMRSH Defendants request that the Court dismiss with prejudice all of Plaintiff's claims against Defendants Houfek and Spencer, and award the ENMRSH Defendants any other relief the Court deems just and proper.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

Patrick D. Allen
Robert W. Becker
*Attorneys for Defendants ENMRSH, Damian Houfek, Robert B. Spencer, Tisha Lovelady and Chris Sena*
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736o
Phone: (505) 266-3995
Fax:    (505) 268-6694
Email:   pallen@ylawfirm.com
Email:   rbecker@ylawfirm.com

---

[2] To the extent Plaintiff seeks to impose vicarious liability upon Defendants Houfek and Spencer for the alleged tortious conduct of their subordinates, there is no provision of New Mexico law allowing an individual supervisor (as opposed to the employer) to be held vicariously liable for the alleged conduct of a subordinate employee. In any event, the Third Amended Complaint alleges Defendants Tisha Lovelady and Chris Sena were employees of **ENMRSH**; it does not allege they were employees of **Defendants Houfek and Spencer**. (Third Amended Complaint [doc. 81], at ¶¶ 23, 24). *See* N.M. Jury Instructions (Civil), 13-403 to 13-409 (Defining when an employer may be held liable for the tortious acts of its employees).

I hereby certify that on this **30th day of December, 2014**, I filed the foregoing electronically, causing the following parties or counsel to be served by electronic means:

| | |
|---|---|
| Nancy L. Simmons<br>Amanda Lavin<br>Law Offices of Nancy L. Simmons, PC<br>120 Girard Blvd. SE<br>Albuquerque, NM  87106<br>(505) 232-2575<br>nlsimmons@swcp.com<br>alavin@swcp.com<br>*Counsel for Plaintiffs* | Donald G. Bruckner, Jr.<br>Lawrence A. Junker<br>Guebert Bruckner PC<br>P.O. Box 93880<br>Albuquerque, NM  87199-4390<br>(505) 823-2300<br>donbruckner@guebertlaw.com<br>*Counsel for Defendant The Robert B.*<br>*Spencer Foundation* |
| William C. Madison<br>M. Eliza Stewart<br>Minal P. Unrah<br>Madison & Mroz<br>P.O. Box 25467<br>Albuquerque, NM  87125-5164<br>(505) 242-2177<br>(505) 242-7184 (fax)<br>wcm@madisonlaw.com<br>mes@madisonlaw.com<br>mpu@madisonlaw.com<br>*Counsel for Defendant CHSPSC* | Randall Jones<br>Ryan L. Clement<br>Matthew T. McCracken<br>Serpe, Jones, Andrews, Callender & Bell, PLLC<br>America Tower<br>2929 Allen Parkway, Suite 1600<br>Houston, TX  77019<br>(713) 452-4400<br>(713) 452-4499 (fax)<br>rjones@serpejones.com<br>rclement@serpejones.com<br>mmccracken@serpejones.com |

_____
Patrick D. Allen