IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MS, through his next friend and parent,
Florinda Harris,

      Plaintiff,

v.                                             No. 2:13-cv-00628-RB-LAM

EASTERN NEW MEXICO MENTAL RETARDATION
SERVICES, d/b/a EASTERN NEW MEXICO
REHABILITATIVE SERVICES FOR THE HANDICAPPED,
INC., a/k/a "ENMRSH", et al.,

      Defendants.

**ENMRSH DEFENDANTS' SECOND MOTION TO DISMISS
(REGARDING PLAINTIFF'S CLAIMS ARISING OUT OF WORKPLACE INJURY)
AND MEMORANDUM OF LAW IN SUPPORT**

    COME NOW Defendants Eastern New Mexico Mental Retardation Services d/b/a Eastern New Mexico Rehabilitative Services for the Handicapped, Inc. a/k/a "ENMRSH," Damian Houfek, Robert B. Spencer, Tisha Lovelady and Chris Sena (collectively referred to as the "ENMRSH Defendants"), by and through their counsel, Yenson, Allen & Wosick, P.C., and pursuant to Fed.R.Civ.P. 12(b)(6), submit their Second Motion to Dismiss (Regarding Plaintiff's Claims Arising Out of Workplace Injury). The Court should dismiss all of Plaintiff's claims arising out of his 2006 workplace injury because the New Mexico Workers' Compensation Act, NMSA 1978, §§ 52-1-1 *et seq.* ("the Act"), provides Plaintiff's sole and exclusive remedy against ENMRSH Defendants for his alleged workplace injury.

**I.   BACKGROUND**

    Plaintiff is a developmentally disabled adult who seeks damages in this case for, among other things, numerous alleged acts of abuse and neglect by ENMRSH Defendants from 2006 to 2010. (*See, generally*, Third Amended Complaint [doc. 81]). ENMRSH provides certain

services to disabled individuals in and around Clovis, New Mexico, and provided certain services to Plaintiff from 2006 to 2010. (*Id*., at ¶ 6). The individual "ENMRSH Defendants" -- Damian Houfek, Robert B. Spencer, Tisha Lovelady and Chris Sena – were all employees of ENMRSH. (*Id*., at ¶¶ 12, 17, 18, 23 and 24).

Plaintiff's Third Amended Complaint asserts numerous claims against ENMRSH Defendants under state and federal law. As relevant to this Motion, Plaintiff alleges he sustained a work-related injury to his eye while employed by ENMRSH. (*Id.*, at ¶¶ 50-51). The workplace incident at issue occurred on June 22, 2006, when Plaintiff allegedly suffered chemical burns while at work for ENMRSH cleaning picnic tables. (*Id.,* at ¶¶ 29-54). Plaintiff claims he sustained his injury after his supervisor, ENMRSH employee Defendant Lovelady, instructed him to hold a bucket containing a cleaning solution while riding in a vehicle at the job site. (*Id.*, at ¶ 39). The vehicle went over a bump and allegedly splashed the solution into Plaintiff's eyes and onto his hands. (*Id.*, at ¶ 41). Plaintiff further claims ENMRSH Defendants did not ensure that he wore protective equipment while performing his job duties (*Id.*, at ¶ 40) and that Defendant Lovelady directed him to continue working after noticing his eyes and hands coming into contact with the solution. (*Id.*, at ¶ 42). Plaintiff alleges ENMRSH Defendants' conduct in connection with his workplace injury was "negligent" and "deliberately indifferent." (*Id.*, at ¶¶ 32, 38, 43, 113-14).

Plaintiff submitted a workers' compensation claim and received benefits from ENMRSH's workers' compensation insurer, although Plaintiff appears to claim the benefits he received were inadequate. (*Id.*, at ¶¶ 50-53).

## II. ARGUMENT

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1950.

The New Mexico Workers' Compensation Act contains an exclusive remedy provision that states in relevant part:

> The right to the compensation provided for in this act, in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases where the following conditions occur:
>
> A. at the time of the accident, the employer has complied with the provisions thereof regarding insurance;
>
> B. at the time of the accident, the employee is performing service arising out of and in the course of his employment; and
>
> C. the injury or death is proximately caused by accident arising out of and in the course of his employment and is not intentionally self-inflicted.

§ 52-1-9.  Thus, the Act provides a worker's exclusive remedy against his employer for a workplace injury so long as conditions set forth in Section 52-1-9 are met.  Where the Act provides a worker's exclusive remedy, it precludes the worker from asserting any other state or federal claim against his employer for the injury.  *See also Morales v. Reynolds*, 2004-NMCA-098, ¶ 6, 136 N.M. 280, 97 P.3d 612.

The exclusive remedy provision of the Act applies with equal force to the injured worker's potential claims against his co-employees or supervisors.  § 52-1-8 ("Any employer who has complied with the provisions of the Workers' Compensation Act [this article] relating to insurance *or any of the employees of the employer*, including management and supervisory employees, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee …" (emphasis added)); § 52-1-6(E) ("Nothing in the Workers' Compensation Act … shall affect or be construed to affect, in any way, the existence of or the mode of trial of any claim or cause of action that the worker has against any person *other than his employer or another employee of his employer*, including a management or supervisory employee, or the insurer, guarantor or surety of his employer"(emphasis added)); *Street v. Alpha Constr. Servs.*, 2006-NMCA-121, ¶ 7, 140 N.M. 425, 143 P.3d 187 ("[A]n employee of an employer who has complied with the requirements of the Act is not subject to liability under the common law for the injury or death of a coemployee" (citing *Matkins v. Zero Refrigerated Lines, Inc.,* 1979-NMCA-095, ¶ 26, 93 N.M. 511, 602 P.2d 195)).

In the present case, the allegations of Plaintiff's Third Amended Complaint establish that ENMRSH satisfied all three conditions of Section 52-1-9.  First, ENMRSH complied with the Act by providing workers' compensation insurance. (Third Amended Complaint [doc. 81], at ¶¶ 50-53).  Second, Plaintiff's alleged injury occurred while he was performing services arising out

of and in the course of his employment. (*Id.*, at ¶¶ 29-54). And third, Plaintiff's alleged injuries were proximately caused by an accident arising out of and in the course of his employment. (*Id.*). Therefore, the allegations of Plaintiff's own Third Amended Complaint demonstrate the New Mexico Workers' Compensation Act provided Plaintiff's sole and exclusive remedy against ENMRSH Defendants -- Plaintiff's employer, co-employees, and/or supervisors -- for all injuries related to his June 22, 2006 accident. In point of fact, the Third Amended Complaint admits Plaintiff filed a workers' compensation claim and received compensation from ENMRSH's workers' compensation insurer. (Third Amended Complaint [doc. 81], at ¶¶ 50-53). Accordingly, all of Plaintiff's state and federal claims against ENMRSH Defendants related to the June 22, 2006 accident must be dismissed with prejudice.

WHEREFORE, ENMRSH Defendants respectfully request that the Court enter an Order dismissing with prejudice all of Plaintiff's state and federal claims related to his June 22, 2006 accident, and awarding these Defendants any other relief the Court deems just and proper.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

_____
Patrick D. Allen
Robert W. Becker
*Attorneys for Defendants ENMRSH, Damian Houfek, Robert B. Spencer, Tisha Lovelady and Chris Sena*
4908 Alameda Blvd NE
Albuquerque, NM  87113-1736o
Phone:  (505) 266-3995
Fax:     (505) 268-6694
Email:   pallen@ylawfirm.com
Email:   rbecker@ylawfirm.com

I hereby certify that on this 8th day of January, 2015, I filed the foregoing electronically, causing the following parties or counsel to be served by electronic means:

| | |
|---|---|
| Nancy L. Simmons<br>Amanda Lavin<br>Law Offices of Nancy L. Simmons, PC<br>120 Girard Blvd. SE<br>Albuquerque, NM  87106<br>(505) 232-2575<br>nlsimmons@swcp.com<br>alavin@swcp.com<br>*Counsel for Plaintiffs* | Donald G. Bruckner, Jr.<br>Lawrence A. Junker<br>Guebert Bruckner PC<br>P.O. Box 93880<br>Albuquerque, NM  87199-4390<br>(505) 823-2300<br>donbruckner@guebertlaw.com<br>*Counsel for Defendant The Robert B. Spencer Foundation* |
| William C. Madison<br>M. Eliza Stewart<br>Minal P. Unrah<br>Madison & Mroz<br>P.O. Box 25467<br>Albuquerque, NM  87125-5164<br>(505) 242-2177<br>(505) 242-7184 (fax)<br>wcm@madisonlaw.com<br>mes@madisonlaw.com<br>mpu@madisonlaw.com<br>*Counsel for Defendant CHSPSC* | Randall Jones<br>Ryan L. Clement<br>Matthew T. McCracken<br>Serpe, Jones, Andrews, Callender & Bell, PLLC<br>America Tower<br>2929 Allen Parkway, Suite 1600<br>Houston, TX  77019<br>(713) 452-4400<br>(713) 452-4499 (fax)<br>rjones@serpejones.com<br>rclement@serpejones.com<br>mmccracken@serpejones.com |

*[signature]*

Patrick D. Allen