IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M.S., *through his next friend and parent,*
*Florinda Harris*,

    Plaintiff,

v.                                               Civ. No. 13-cv-628-RB/GBW

EASTERN NEW MEXICO MENTAL
RETARDATION SERVICES, *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER

This matter is before the Court pursuant to Plaintiff's Motion for Protective Order and Memorandum in Support Thereof. *Doc. 162*. The matter is fully briefed and the Court is fully advised. *See docs. 162, 165, 167, 178*. As described below, the motion will be granted in part and denied in part.

This dispute involves the Plaintiff's duty to provide initial disclosures relating to medical records. As amply laid out in the parties' briefing, Plaintiff has been treated by a large number of healthcare providers since the "five years preceding the date of the occurrence set forth in the pleadings." D.N.M.LR-Civ. 26.3(d)(1). Defendants argue that Local Rule 26.3(d) requires that Plaintiff (i) provide a complete list of every such provider, and (ii) complete a signed authorization to release medical records for each of those providers. Given the sheer number of providers involved, Defendants request

one blanket release which would be applicable to all such providers. Plaintiff argues that he has complied with the Local Rule by disclosing a list of eighteen healthcare providers.[1] Moreover, Plaintiff argues that he should not be required to provide release authorizations (blanket or otherwise), but instead should be allowed to obtain the records himself and then provide the records and a release for use to Defendants.

This dispute requires consideration of Local Rule 26.3(d) and Fed. R. Civ. P. 26(a)(1)(A). The Local Rule provides that:

> **Required Initial Disclosure.** In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:
> (1)    a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date;
> (2)    all records of such healthcare providers which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action;
> (3)    for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within fourteen (14) days after receiving medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.

D.N.M.LR-Civ. 26.3(d). By its terms, there are two prerequisites to this initial disclosure requirement: (i) "the physical or mental medical condition of [the] party [must be] an issue," and (ii) the "disclosing party may use [the information] to support its claims or

---

[1] The eighteen providers are in addition to the two Defendant providers.

defenses." *Id*.

The second requirement is no accident.  In fact, it is required by the Federal Rule from which the Local Rule arises.  The Federal Rule establishes initial disclosure requirements for documents "that the disclosing party has in its possession, custody, or control **and may use to support its claims or defenses**."  Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added).  This bolded language, which was added in the 2000 amendments to the Rules, means that a "party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use.  Fed. R. Civ. P. 26, Advisory Committee Notes to the 2000 amendments; *see Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 953-54 (10th Cir. 2004), *abrogated on other grounds by Unitherm Food Sys. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006); *see also Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 619-20 (C.D. Cal. 2013).  Those amendments also eliminated "the authority to alter or opt out of the national disclosure requirements by local rule, invalidating [rules] that purport to create exemptions from – or limit or expand – the disclosure provided under the national rule." *Id*.  Consequently, in 2001, this Court amended its local rule to add the "may use to support its claims or defenses" language. *See* D.N.M.LR-Civ. 26.3(d) (effective July 31, 2001).

Plaintiff has identified eighteen providers, outside of the Defendant providers, whose records he indicates he may use to support his claims.  While the Defendants argue persuasively that the records of other providers may be relevant and discoverable, they fail to present any basis to doubt Plaintiff's assertion that he does not

3

intend to use them. As such, whereas the records of other providers may be subject to discovery requests, they are not documents which must be provided without such a request.

The Court will now turn to the issue of how the records for the eighteen providers must be disclosed. Plaintiff argues that it will be more efficient to permit him to be the "single clearinghouse for all records." *Doc. 162* at 2. As quoted above, Local Rule 26.3 expressly requires that in "all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, … for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix 'A'." D.N.M.LR-Civ. 26.3(d)(3). Plaintiff argues that complying with this requirement for the eighteen providers would be unduly burdensome because (i) it would undercut his ability to object to the production of particular medical records, (ii) Plaintiff would have to sign eighteen different releases and "follow up with each Defendant if the signed authorization is not sufficient for a particular provider's purposes," and (iii) the production of the records through a single clearinghouse will ensure a more organized distribution. *See doc. 162* at 9-11.

With respect to the privilege argument, the Local Rule 26.3 requires that "[w]hen information, records or **a release subject to this rule** is withheld on a claim that it is privileged or subject to objection, or that disclosure is prohibited by regulation or

4

statute, the claim must be made expressly in writing and must be supported by a description of the nature of the documents, or things not produced that is sufficient to enable the demanding party to contest the claim." D.N.M.LR-Civ. 26.3(e) (emphasis added).  Plaintiff has failed to adequately make a privilege claim opposing the releases for the eighteen providers.  His argument that "[t]here will likely be no claim of privilege as to mental health records …, but there may be a claim of privilege as to other records" is plainly insufficient.  *Doc. 162* at 10.

With respect to Plaintiff's remaining two arguments, the Court can understand that a single clearinghouse may be the most convenient process.  Certainly that would be true if more trust existed among the parties.  The Court must prevent discovery requests which are unduly burdensome.  Plaintiff, though, has failed to persuade the Court that requiring a signed authorization to release medical records form as required by the local rule would be unduly burdensome.  *See Bhandari v. VHA Southwest Community Health Corp.*, 2010 WL 4928874, *5 (D.N.M. Oct. 18, 2010) (burden of proving undue burden rests with party resisting discovery request).

Therefore, the Court will grant Plaintiff's Motion in part and deny it in part.  Specifically, Plaintiff is not required to produce a list of all healthcare providers for MS going back to 2004, but only a list going back to 2004 of healthcare providers upon which Plaintiff may rely to support MS's claims.  Plaintiff is required to provide a signed authorization to release medical records form to each Defendant for the records of each of the healthcare providers on the above described list.  This requirement may

5

be met by individual release forms or a blanket medical release at the option of Plaintiff.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE