**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MS, through his next friend and parent,
Florinda Harris

       Plaintiff,

v.                                                  No. CIV 2:13-0628 RB/GBW

EASTERN NEW MEXICO MENTAL RETARDATION
SERVICES, et al.

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

       This matter is before the Court on Plaintiff's Motion for Leave to File Fourth Amended Complaint and Memorandum in Support Thereof (Doc. 164) and Response of Defendant Reza Mirin, MD, in Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint and, in the Alternative, a Motion for Summary Judgment, which the Court construes as a motion to dismiss (Doc. 180). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court will **GRANT** Plaintiff's motion to amend and **DENY** Defendant Mirin's motion to dismiss.

**I.**       **Procedural Background**

       Plaintiff MS is a developmentally disabled adult who formerly resided at and worked for Defendant Eastern New Mexico Mental Retardation Services, which operates as Eastern New Mexico Rehabilitative Services for the Handicapped, Inc. (ENMRSH). Plaintiff alleges that Defendants, including ENMRSH, its employees, and local healthcare providers, violated his rights under the Rehabilitation Act, the Americans with Disabilities Act (ADA), the New Mexico Unfair Practices Act, and other state law rights by abusing him, involuntarily committing him,

and using his governmental benefits for their own purposes. (*See* Doc. 164-A, Proposed Fourth Am. Compl. (FAC).) Plaintiff filed his original complaint in this court on July 8, 2013. (Doc. 1.) The Court has since granted Plaintiff leave to file three amended complaints: the first two to add and remove certain parties as Defendants (Docs. 44; 45; 46, First Am. Compl.; 58; 62; 63, Second Am. Compl. (SAC)), and the third to add a claim related to workers' compensation coverage (Docs. 75 at 2, ¶ 1; 80; 81, Third Am. Compl. (TAC)).[1] Based on his representations to the Court and the Court's own reading of the complaints, it appears Plaintiff has not changed any other factual allegations or explicitly added any other legal theories to his first three amended complaints.

With the exception of the insertion and/or deletion of certain named Defendants, the listed causes of action have remained unchanged throughout Plaintiff's first three amendments. As of the Third Amended Complaint, they were: (1) "Personal Injury resulting from Assault and Battery and Negligence by ENMRSH Defendants, including Defendants Lovelady, Sena, and John and Jane Does 1–5"; (2) "Violation of the First and Fourth Amendment[s] and the Substantive and Procedural Due Process Clauses of the Fourteenth Amendment by ENMRSH Defendants and Defendants Lovelady, Sena, Gonzalez, Mirin, and John and Jane Does 1–5"; (3) "Assault and Battery, Negligence, Medical Negligence, and Violation of the New Mexico Mental Health Code by Defendants Sunrise Mental Health Center and Dr. Reza Mirin"; (4) "Violation of the Rehabilitation Act by ENMRSH"; (5) "Violation of the Americans with

---

[1] In his First Amended Complaint, Plaintiff added paragraphs 27 and 70, inserted Dr. Babak Mirin into the named Defendants listed under his second and third causes of action, and added Dr. Babak Mirin's name under the prayer for relief requesting punitive damages. (*See* Doc. 46, First Am. Compl. ¶¶ 27, 70, 124, 128–29, Prayer for Relief ¶ 3.) Plaintiff's First Amended Complaint also reflects the voluntary dismissal of Defendant Community Health Systems Professional Services Corporation from the numbered paragraphs, although the Defendant continued to be listed in the case caption in the first and second amended complaints. (*See* Docs. 18; 37; First Am. Compl.; 63, Second Am. Compl. (SAC).) Plaintiff's Second Amended Complaint removes Dr. Babak Mirin as a Defendant and adds Dr. Reza Mirin, and it reflects the voluntary dismissal of Defendant April Gonzalez. (*See* SAC.) Plaintiff added paragraphs 51–53 and 61–64 to his Third Amended Complaint. (*See* Doc. 81, Third Am. Compl. (TAC).)

Disabilities Act by Defendant ENMRSH"; (6) "Violation of the New Mexico Unfair Practices Act by ENMRSH Defendants"; (7) "Breach of Fiduciary Duty by ENMRSH Defendants"; (8) "Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing by ENMRSH"; and (9) "Fraud/Constructive Fraud against ENMRSH Defendants." (TAC ¶¶ 111–204.)

Shortly after Plaintiff filed his Third Amended Complaint, Defendants filed three motions to dismiss (Docs. 84, 90, 95) and two motions for summary judgment (Docs. 103, 130), which the Court addressed in an Omnibus Memorandum Opinion and Order filed on June 16, 2015 (Doc. 149). In that opinion, the Court dismissed all of the claims in the Second Cause of Action and the ADA Title II claims in the Fifth Cause of Action (leaving the ADA Title III claims); dismissed the intentional tort claims in the First Cause of Action against Defendant Spencer; dismissed the claims related to the eye injury in the First Cause of Action; and dismissed Defendants Lovelady and Robert Spencer Foundation from the suit.[2] (*See id.*) Notably, the Court did not dismiss any of Plaintiff's claims with prejudice. (*Id.*)

Ms. Florinda Harris, Plaintiff's mother, petitioned the Ninth Judicial District Court for permanent guardianship of MS on February 11, 2015. (*See* Doc. 105.) Proceedings in the case were delayed while the parties awaited the petition results. (*See* Docs. 105, 121.) Ms. Harris was appointed as Plaintiff's permanent guardian on April 20, 2015, and Plaintiff notified the Court of the appointment on May 15, 2015. (Doc. 138.) The Court filed the Order Setting Pretrial Deadlines and Briefing Schedules on August 4, 2015, setting a termination date for discovery on March 3, 2016. (Doc. 157 at 1.) No trial date has been set in this matter. Plaintiff filed this Motion for Leave to File Fourth Amended Complaint and Memorandum in Support Thereof on

---

[2] The Court had earlier dismissed Defendant Houfek with prejudice and Defendants John and Jane Does 1–5 without prejudice. (*See* Docs. 137, 142, 148.)

September 17, 2015, one day before the deadline to amend pleadings. (Doc. 164; *see also* Doc. 157 at 1.) At the time Plaintiff filed this motion, the only discovery conducted in the case had been "the service of interrogatories and requests for production on Plaintiff by ENMRSH Defendants." (Doc. 164 ¶ 2.)

## II.      **Factual Background**[3]

Plaintiff MS "suffers from various developmental disabilities, including mental retardation, which results in impairments to his ability to communicate and learn." (FAC ¶ 1.) Consequently, Plaintiff is "dependent on others to protect himself from harm." (*Id.* at ¶ 2.) In 2006, Plaintiff's parents enrolled him in Defendant ENMRSH's day habilitation and supported living services. (*Id.* at ¶ 6.) From 2008–2010, "Plaintiff resided in an ENMRSH group home or homes, receiving constant twenty-four hour, seven days per week supervision by direct care staff employed, supervised, and managed by ENMRSH Defendants." (*Id.*)

"ENMRSH receives government funding to provide residential, day habilitation and supported employment services to individuals with developmental disabilities . . . ." (*Id.* at ¶ 4.) Plaintiff alleges that Defendants were responsible for nearly every aspect of Plaintiff's care and well-being: they were involved in his medical, dental, and psychiatric care, they managed his wages and SSI benefits, they  provided his community activities, and they were responsible for his safety at work, including assigning him appropriate duties, making decisions about treatment for work injuries, and ensuring that he took the necessary steps to receive the benefits he was entitled to for work-related injuries. (*Id.* at ¶¶ 4, 6–7, 13, 25–26, 38–39, 54, 60–63, 65, 78.)

Plaintiff claims that he suffered serious eye damage and vision loss while working for ENMRSH in June, 2006 due to Ms. Tisha Lovelady's deliberate indifference. (*Id.* at ¶¶ 40–65.)

---

[3] The Court recites facts relevant to the motions at issue. For a more global treatment of the facts in this case, see the Court's Omnibus Memorandum Opinion and Order. (Doc. 149 at 2–4.)

ENMRSH Defendants allegedly failed to obtain adequate medical treatment for Plaintiff or to inform his mother of the injury. (*Id.* at ¶¶ 54–55.) ENMRSH Defendants also allegedly failed to provide appropriate benefits counseling or to follow through on Plaintiff's workers' compensation claim. (*Id.* at ¶¶ 61–62.)

Plaintiff also brings claims against Defendant Reza Mirin. Plaintiff alleges that "Dr. Reza Mirin exercised gross professional misjudgment in ordering or approving [Plaintiff's] commitment" to Sunrise Mental Health Center. (*Id.* at ¶ 86.) Plaintiff contends in part that Dr. Mirin "failed to comply with the New Mexico Mental Health Code and other constitutional and federal and state statutory provisions" and was "medically negligent in evaluating and deciding whether Plaintiff would benefit from or needed involuntary psychotropic medications and involuntary commitment to a psychiatric hospital." (*Id.* at ¶ 137–38.) The allegations and claims concerning Dr. Mirin were not part of Plaintiff's proposed modifications to his Fourth Amended Complaint. (*See, e.g.*, TAC ¶¶ 75, 77, 153.)

## III.   Motion to Amend Standard

Rule 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ." *Id.* (citations omitted). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). To survive a motion to dismiss, the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

IV.   **Discussion**

A.   **Plaintiff's Proposed Fourth Amended Complaint**

Plaintiff proposes the following changes to his Fourth Amended Complaint: (1) deletion of the Second Cause of Action (federal constitutional and § 1983 claims); (2) deletion of Damian Houfek and the Robert B. Spencer Foundation as Defendants; (3) assertion of claims under Title III of the ADA and deletion of Title II claims in the Fifth Cause of Action; (4) deletion of Plaintiff's allegations regarding joint and several liability; and (5) addition of allegations

regarding Plaintiff's eye injury in the First Cause of Action. (*See* Doc. 164 ¶ 4.) The ENMRSH Defendants[4] do not oppose the first four proposed changes.

The ENMRSH Defendants oppose the fifth proposed modification inserting allegations regarding Plaintiff's chemical eye burn.[5] (Doc. 168 at 3, 4–9.) Defendants oppose Plaintiff's fifth proposed modification for two main reasons: (1) Defendants contend that the new allegations contradict ones in the first four versions of Plaintiff's complaint and are internally inconsistent; and (2) if Plaintiff is trying to use the "dual persona doctrine" as an exception to the Workers' Compensation Act's (WCA) exclusive remedy provision, such an argument would be futile. (Doc. 168 at 4–9.) Because Plaintiff did not reply to Defendants' response, the Court has little guidance regarding Plaintiff's intent.

### 1.  Plaintiff's modification is not made in bad faith.

Defendants argue that Plaintiff's allegations are internally inconsistent and contradictory to the earlier versions of his complaint. Contradictory allegations may be indicative of bad faith, one of the *Foman* factors that can provide cause to deny a motion to amend. *Foman*, 371 U.S. at 182. "Bad faith with regard to a Rule 15 motion can be inferred if the proposed amendment directly contradicts allegations made in the original pleading, such that the original and amended factual accounts cannot be reconciled." *Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, No. 10-CV-02271-PAB-BNB, 2011 WL 5593178, at *3 (D. Colo. Nov. 17, 2011) (citing *Ayon v. Gourley*, 185 F.3d 873, 1999 WL 516088, at *3 (10th Cir. 1999); *First Am. Mortg., Inc. v. First Home Builders of Fla.*, No. 10–cv–00824–REB–MEH, 2010 WL 5230902, at *6 (D. Colo. Dec.

---

[4] Dr. Mirin did not specifically address Plaintiff's proposed changes in his response. (*See* Doc. 180.)
[5] Plaintiff did not highlight or otherwise mark his proposed changes in the Fourth Amended Complaint, which made it difficult to compare it with the Third Amended Complaint. (*See* Doc. 164, Proposed Fourth Am. Compl. (FAC).) From the Court's careful comparison, it appears that the opposed additions and modifications in the proposed Fourth Amended Complaint include paragraphs 25–35, 37–42, 60–62, and 65. (*See id.*) The Court notes that paragraph 34 has been cut off of the proposed Fourth Amended Complaint. (*Id.* at ¶ 34.)

15, 2010)). "It may not be bad faith to seek leave to amend in order to clarify the allegations of the complaint, even in response to a motion to dismiss, if the proposed amendments are true clarifications, rather than contradictions, of allegations stated in a prior pleading." *T.D. Williamson, Inc. v. Assoc. Eng'rs, India*, No. 13-CV-0223-CVE-PJC, 2013 WL 6628222, at *4 (N.D. Okla. Dec. 16, 2013) (citing *First Am. Mortg., Inc.*, 2010 WL 5230902, at *3).

Defendants point out one specific instance of allegedly contradictory or inconsistent allegations. (Doc. 168 at 5.) They contend that Plaintiff's allegation that Ms. Lovelady acted "purely as a supervisor" in paragraph 38 contradicts the allegations in other paragraphs that Ms. Lovelady acted "at all times as an ENMRSH job coach." (Doc. 168 at 5 (citing FAC ¶¶ 38, 40, 49, 65).) While these allegations may seem facially inconsistent, Plaintiff may have a strategic reason (if an inartful use of language) for raising Ms. Lovelady's allegedly contrasting roles.[6] Further, Plaintiff's Third Amended Complaint contains the same facially inconsistent classifications. (*See* TAC ¶ 39 ("Defendant Lovelady, acting as Plaintiff's ENMRSH job coach"), ¶ 61 ("[a]t all times, all ENMRSH employees were acting as MS's supervisor").)

Plaintiff contends that he submitted the proposed allegations in an attempt to clarify and flesh out his Third Amended Complaint. (Doc. 164 ¶¶ 8, 13.) He argues that the proposed "allegations were implied by Plaintiff's general allegations in his Third Amended Complaint"

---

[6] One of Plaintiff's proposed factual allegations is that "ENMRSH's use of a job coach merely to act . . . as a developmentally disabled client's supervisor in a traditional supervisor-employee role, is entirely contrary to Medicaid regulations and policies." (FAC ¶ 28.) Another says that "ENMRSH has thus stepped into a dual legal role with regard to Plaintiff and others like him, as both DD Waiver provider and broker of disabled laborers." (*Id.* at ¶ 29.) While the Court does not accept Plaintiff's legal conclusions about Medicaid's policy or ENMRSH's alleged dual roles as true, the proposed factual allegations do allow the Court and Defendants to understand what legal theories Plaintiff may pursue. This is in line with the purposes of the federal rules of pleading. *See Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) ("The purpose of 'fact pleading,' as provided by Fed. R. Civ. P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

and that he raised some, if not all of the allegations in response to Defendants' Second Motion to Dismiss. (*Id.* at ¶¶ 8, 13; *see also* Docs. 90, 104 ("ENMRSH should also be estopped from asserting the workers compensation exclusivity provision on the basis that in ENMRSH's dual persona roles, it effectively blocked Plaintiff from pursuing a workers' compensation claim.").) The Court finds that Plaintiff has not submitted his fifth proposed modification in bad faith.

### 2. There is a question of fact regarding the dual persona doctrine.

Defendants contend that with the new allegations, Plaintiff is seeking to resurrect his earlier workplace injury claim. (Doc. 168 at 6–9.) Specifically, Defendants believe that Plaintiff may try to argue that the WCA's exclusive remedy provision "is inapplicable because ENMRSH had 'dual roles' as a DD Waiver service provider and as an employer." (*Id.* at 6 (citing FAC ¶ 33).) Defendants assert that such a claim would be futile. (*Id.* at 8–9.) The Court treats Defendants' futility argument as a motion to dismiss. *See Gohier*, 186 F.3d at 1218 (citations omitted).

Defendants cite *St. Paul Fire & Marine Ins. Co. v. Keltgen*, 659 N.W.2d 906 (Wis. Ct. App. 2003), in support of their position. (Doc. 168 at 8.) In that case, a developmentally disabled individual argued that the dual persona doctrine applied where a sheltered workshop (CDC) acted as both his employer and his developmentally disabled service provider. *St. Paul Fire & Marine Ins. Co.*, 659 N.W.2d at 917. The court disagreed, noting that CDC's roles were "so intertwined it would be difficult to tell what responsibilities each role was obligated to meet for Keltgen." *Id.* The case is distinguishable from the facts of Plaintiff's case, however, because there is no evidence CDC provided anything other than employment services for Keltgen. *Id.* at 909.

ENMRSH provided much more than employment services for Plaintiff. Defendants received funding to care for every aspect of Plaintiff's well-being: they controlled his wages and SSI benefits, managed his medical and dental care, made referrals that directly affected his psychiatric care, supervised his community activities, and were responsible for his safety at work, including assigning him appropriate duties, making decisions about treatment for work injuries, and ensuring that he took the necessary steps to receive the benefits he was entitled to for work-related injuries.[7] (FAC ¶¶ 4, 6–7, 13, 25–26, 38–39, 54, 60–63, 65, 78.) These allegations are sufficient to distinguish this situation from that in *St. Paul Fire & Marine Ins. Co.* and to survive a motion to dismiss.

### 3.      The Court's previous ruling stands.

The Court takes care to note that its previous ruling on Plaintiff's workplace injury claim stands.[8] (*See* Doc. 149 at 28–32.) While the Court dismissed the workplace injury claim, the dismissal was without prejudice, and the Court did not foreclose Plaintiff from moving to amend his complaint to clarify his claims and legal theories. (*See id.*) "More importantly, the court does not construe plaintiff's motion to amend as a request to resurrect claims that have been dismissed by the court." *Kastner v. Intrust Bank*, No. 10-1012-EFM, 2011 WL 721483, at *2 (D. Kan. Feb, 22, 2011). As Plaintiff contends, his proposed allegations are simply to clarify a legal theory that was implied in earlier versions of his complaint and argued specifically in response to Defendants' second motion to amend. (*See* Doc. 164 ¶¶ 8, 13.) The Court did not consider the dual persona doctrine in its previous ruling, "[i]t simply dismissed the claim as [Plaintiff] pled

---

[7] It is not clear from Plaintiff's complaints exactly what services Plaintiff received in 2006.
[8] To the extent Plaintiff seeks to establish that Plaintiff did not have the capacity to enter into an employment relationship, the Court already rejected this argument in its previous order and will not reconsider it. (*See* Doc. 149 at 29.) Additionally, Plaintiff did not seek to reinsert Ms. Tisha Lovelady as a Defendant, and the Court sees no reason to add her again.

it." *Anderson Living Trust v. WPX Energy Prod., LLC*, No. CIV 12-0040 JB/KBM, 2015 WL 9703298, at *8 (D.N.M. Dec. 31, 2015).

Defendants do not argue that the proposed modification will cause undue delay or prejudice to them, nor do they disagree with Plaintiff's contention that Defendants were on notice of the proposed modification. (*See* Doc. 168.) Plaintiff's motion to amend was filed prior to the entry of the scheduling order and before the close of discovery. (*See* Doc. 147.) "A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman*[], 371 U.S. [at] 182[], and the non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." *May v. Santini*, No. 15-CV-00405-NYW, 2016 WL 226610, at *5 (D. Colo. Jan. 19, 2016) (citing *Jefferson Cty. Sch. Dist. No. R-1*, 175 F.3d at 859). The Court will grant Plaintiff's motion to amend, but Plaintiff is advised "that the Court will not allow endless amending and, in particular, that 'failure to cure deficiencies by amendments previously allowed' is grounds for denial of amendment." *Lane v. Page*, 649 F. Supp. 2d 1256, 1274–1275 (D.N.M. 2009) (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

**B.     Defendant Mirin's Motion to Dismiss is Denied.**

Defendant Mirin filed a response "in opposition to Plaintiff's motion for leave to file fourth amended complaint and, in the alternative, a motion for summary judgment." (Doc. 180.) He did not, however, comply with this Court's local rules on motions for summary judgment: his brief does not contain a concise, numbered statement of material facts that refers with particularity to the record. *See* D.N.M.LR-Civ. 56.1(b). He also submitted materials outside of the pleadings, but he did not refer to them in his section entitled "Factual Background." (*See*

Doc. 180 at 2–3; Exs. A–B.) *See also* D.N.M.LR-Civ. 56.1(b). In the "Complaint and Motion for Summary Judgment Standards" section of his brief, Defendant Mirin cites the standards of review for a motion to dismiss and a motion to amend, but he does not mention the standard for a motion for summary judgment. (Doc. 180 at 3–5.) Consequently, the Court will treat Defendant Mirin's response as a motion to dismiss and will not consider any evidence outside of the pleadings. Fed. R. Civ. P. 12(d).

Defendant Mirin did not address any of the proposed modifications contained in Plaintiff's motion to amend.[9] Instead, his main argument involves whether Plaintiff has brought a claim of medical malpractice against Defendant Mirin rather than common law negligence. (Doc. 180 at 6.) Defendant Mirin contends that if Plaintiff's claim is for medical malpractice, then it is subject to dismissal because Plaintiff has not complied with the New Mexico Medical Malpractice Act (NMMMA). (*Id.* at 7.) The NMMMA states: "No malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered." N.M. Stat. Ann. § 41-5-15(A) (1978). While "a decision by the Medical Review Commission (MRC) is not a jurisdictional prerequisite to the filing of a complaint in court[,] . . . the necessity for an MRC determination prior to the filing of a medical malpractice claim remains a mandatory procedural threshold that must be crossed in the ordinary case." *Rupp v. Hurley*, 41 P.3d 914, 915, 919 (N.M. Ct. App. 2001).

"A health care provider not qualifying under this section shall not have the benefit of any of the provisions of the Medical Malpractice Act in the event of a malpractice claim against it." *Haceesa v. United States*, 309 F.3d 722, 725 (10th Cir. 2002) (quoting § 41–5–5(C)). "In order to

---

[9] That Defendant Mirin chose to bring this motion in response to Plaintiff's motion to amend is confusing, as Plaintiff's claims regarding his medication and admission to inpatient psychiatric care were not part of his proposed modifications. (*See, e.g.*, TAC ¶¶ 65–3.)

be 'qualified,' a health care provider must '(1) establish its financial responsibility by filing proof . . . of malpractice liability insurance . . . of at least two hundred thousand dollars . . . ; and (2) pay the [Patient's Compensation Fund] surcharge.'" *Id.* (quoting § 41–5–5(A)). Defendant Mirin has not alleged that he is a "qualifying health care provider" as contemplated by the NMMMA. (*See* Doc. 180.) In fact, counsel for Defendant Mirin admitted during a status conference with this Court "that Defendant Mirin is uninsured." (Doc. 202 at 2.) Because it is unclear from Defendant Mirin's brief whether he is a qualifying health care provider, the Court will deny his motion at this time. If Defendant Mirin wishes to properly submit a motion for summary judgment on this issue, he may file a new motion that complies with the local rules and demonstrate that he meets the requirements of a "qualifying health care provider."

Additionally, in accordance with the requirements of the NMMMA, to the extent that Plaintiff is bringing claims against any Defendant for medical malpractice rather than ordinary negligence, Plaintiff must provide evidence that he has complied with the NMMMA and submitted his claim to the MRC. If Plaintiff has not yet submitted his claim to the MRC, he may seek a stay of this claim while he obtains the appropriate review. Plaintiff shall submit such evidence or request a stay within two weeks of this order. If Plaintiff fails to comply, any medical malpractice claims shall be subject to dismissal.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Fourth Amended Complaint and Memorandum in Support Thereof (Doc. 164) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Response of Defendant Reza Mirin, MD, in Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint and, in the

Alternative, a Motion for Summary Judgment, which the Court construes as a motion to dismiss (Doc. 180) is **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiff is bringing a medical malpractice claim against any Defendant, Plaintiff shall provide evidence that he submitted his claim to the MRC or shall seek a stay in order to comply with the NMMMA within two weeks of this order.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**