IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MS, through his next friend and parent,
FLORINDA HARRIS,

      Plaintiff,

v.                                                          Civ. No. 13-628 RB/GBW

EASTERN NEW MEXICO
MENTAL RETARDATIONSERVICES,
 d/b/a/ EASTERN NEW MEXICO
REHABILITATIVE SERVICES
FOR THE HANDICAPPED, INC.,
 a/k/a "ENMRSH", *et al.*,

      Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

The parties seek the Court's approval of the settlement agreement negotiated on behalf of M.S. I reviewed the Report of the Guardian ad Litem for M.S. ("the Report"), attached hereto as Exhibit 1, and held a Fairness Hearing on July 5, 2016. *See doc. 250*. For the reasons explained below, I conclude that the settlement is fair and recommend that the Court approve the settlement as proposed.

M.S. is a young adult with developmental disabilities. He is able to perform many daily tasks independently or with supervision, but is unable to perform complex tasks. His permanent guardian is his mother, Florinda Harris, who managed this

litigation on his behalf throughout the pendency of this lawsuit and is represented by the Law Offices of Nancy L. Simmons. This Court appointed Kathleen Oakey, Esq., as Guardian ad Litem for M.S., for the purpose of acting as an arm of the Court in reviewing the proposed settlement agreement and making her recommendation to the Court as to its fairness. Ms. Oakey was earlier appointed as Guardian ad Litem for M.S. for purposes of proceedings to appoint Ms. Harris as M.S.'s permanent guardian, and Ms. Oakey attended the settlement conference with M.S., M.S.'s family, and Plaintiff's counsel.

Nancy Simmons is an experienced litigator with over thirty years of experience in the practice of law. She has represented numerous children and adults with developmental disabilities in the course of her practice. Ms. Oakey is an equally experienced litigator and has been frequently appointed in both state and federal court to review settlements to ensure that they are in the best interests of minors and adults with developmental disabilities. Both attorneys provided able and experienced legal assistance to M.S.

The Report prepared by the Guardian ad Litem ("GAL") is thorough and details the history of this case. *See doc. 250*. Additionally, the Court has previously detailed the factual and procedural history of this case. *See, e.g., doc. 149*. Given this comprehensive documentation within the record, it is unnecessary to repeat that history in this

document.  The Report also details the settlement amounts provided by the various Defendants.

I have reviewed the Report and the proposed settlement.  I find that the proposed settlement satisfies the five-factor test set out in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984), which is used to decide whether to approve the settlement of a case.  These factors are: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether the serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; (4) the judgment of the parties that the settlement is fair and reasonable;" and (5) whether the settlement is in the best interests of the plaintiff.  *Id.* at 324.

The undersigned personally conducted the settlement conference in this case and spent several hours with the parties.  Having been personally present and involved in the settlement negotiations, I find that the proposed settlement agreement was honestly and fairly negotiated at the settlement conference I held on April 6, 2016.

Though the Court has ruled on several dispositive motions in this case, there remains a pending motion for summary judgment.  *See, e.g., doc. 221*.  Further, it is likely that the parties would file additional dispositive motions.  As noted in the Report, the outcome of this litigation is uncertain.  *See* Exhibit 1 at 6.  Accordingly, I find that there

3

are disputed issues of fact and law which would require substantial additional discovery, extensive motion practice, and place the outcome of the litigation in question.

This case has been pending for over three years, and arises from incidents occurring much earlier. Litigation is by its very nature a stressful, time-consuming, and uncertain endeavor. Given the circumstances, the value of an immediate recovery for M.S. outweighs the possibility that M.S. would obtain greater relief by continuing the litigation.

I have reviewed the Report and the proposed disposition of the settlement funds. I determine that the attorney's fees and costs claimed were both reasonable and necessary for the effective representation of M.S. I also noted that there is currently a Medicaid lien on the funds for the amount of approximately $11,000.00. However, this amount is based on the total amount of charges incurred by M.S. for all purposes, including, for example, routine check-ups and medical treatment not resulting from the incidents alleged in M.S.'s Complaint. Because a Medicaid lien is limited only to the cost of treatment for injuries arising from these events, the lien is likely to be reduced to less than $1,000.00 based on the medical treatment arising from M.S.'s injuries actually incurred as a result of the incidents alleged in M.S.'s complaint. As a precaution, the total current amount of the lien will be retained in the trust account of Plaintiff's counsel

until the more accurate amount of the lien is resolved.

After the payment of attorney's fees and costs and medical liens, the proposed settlement would net M.S. approximately $135,000.00. While support from his parents and State-funded services supply most of M.S.'s needs, the settlement money will go to improve his quality of life.

The plan to manage settlement funds will not impact M.S.'s eligibility for other services, most particularly M.S.'s Medicaid eligibility. Specifically, Ms. Harris plans to establish a special needs trust for M.S., with the assistance of Susan Tomita, Esq., an attorney and expert in Medicaid planning. A "special needs trust" is statutorily defined as:

> A trust containing the assets of an individual under age 65 who is disabled . . . and which is established for the benefit of such individual by a parent, grandparent, legal guardian of the individual, or a court if the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan under this subchapter.

42 U.S.C. § 1396p(d)(4)(A); *see also Hobbs v. Zenderman*, 579 F.3d 1171, 1175 (10th Cir. 2009). Funds deposited into a special needs trust, such as M.S.'s settlement funds, must be used for his benefit during the course of his lifetime, and are not counted in determining a recipient's Medicaid eligibility. Upon the death of the recipient, the State receives the remaining funds up to the amount the State has paid in Medicaid benefits, with the remainder going to a designated beneficiary or beneficiaries.

Plaintiff's counsel will continue in this case to negotiate all liens and assist M.S. and his family in setting up a special needs trust, without additional charge. Ms. Tomita will draft the special needs trust, at a cost of approximately $ 750.00.

I find that the settlement proposed by the parties is fair and reasonable in its effect. Having evaluated the proposed settlement agreement, other circumstances in the case, and the status of this litigation, I find that the proposed settlement agreement is in M.S.'s best interests. Based on the foregoing, I recommend that the Court find the five *Jones* factors are satisfied and that the Court approve the proposed settlement agreement.

_____
GREGORY B. WORMUTH
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**